IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | : | CIVIL ACTION NO. 16-5176 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LOUIS T. BUONOCORE, JEREMY R. DRAPER, FRANK J. MORELLI, III, BERARDINO "DINO" PAOLUCCI, JR., and DON L. ROSE, | : | |
| | : | |
| Defendants. | : | |

## O R D E R

**AND NOW**, this **4th** day of **April, 2017**, upon consideration of Plaintiff's unopposed motion for default judgment against Defendant Berardino "Dino" Paolucci, Jr. (ECF No. 20), and following a hearing held on the record on April 4, 2017, it is hereby **ORDERED** as follows:

1.   Plaintiff's unopposed motion for default judgment against Defendant Berardino "Dino" Paolucci, Jr. (ECF No. 20) is **GRANTED**.[1]

---

[1]   "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the default is entered, the party may be subject to entry of a default judgment. If "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," Fed. R. Civ. P. 55(b)(1), then the clerk may enter a default judgment for plaintiff. In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); see also, e.g., Eastern Elec. Corp. of N.J. v. Shoemaker

Constr. Co., 657 F. Supp. 2d 545, 552 (E.D. Pa. 2009) (granting motion for entry of default judgment under Rule 55(b)(2)).

The Third Circuit has suggested that when a defendant fails to appear entirely, "the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred." Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990). "Under these circumstances, the district court does not have to consider the factors." Jimenez v. Rosenbaum-Cunningham, Inc., No. 07-1066, 2010 WL 1303449, at *3 (E.D. Pa. Mar. 31, 2010) (observing that "[w]here the defendant has not entered an appearance or filed any pleadings or responsive motions, frequently the record before the court is insufficient to analyze these factors").

"[A] default judgment cannot be entered on a complaint that has not been validly served." Wallace v. Fed. Emps., 325 Fed. App'x 96, 100 (3d Cir. 2009) (citing Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1304 (3d Cir. 1995)). This is because a court cannot enter a default judgment if it does not have personal jurisdiction over a defendant, and "proper service of process is required to establish personal jurisdiction." Ramada Worldwide Inc. v. Shriji Krupa, LLC, No. 07-2726, 2013 WL 1903295, at *3 (D.N.J. Apr. 17, 2013) (quoting Days Inn Worldwide, Inc. v. Hartex Ventures, Inc., No. 10-0336, 2011 WL 1211353, at *2 (D.N.J. Mar. 28, 2011)). "In ascertaining whether service was properly effected, and accordingly, whether the default judgment was void, courts must afford weight to objective indicators, such as a sworn affidavit by a disinterested party." Id. (citing In re Graves, 33 F.3d 242, 251 n.16 (3d Cir. 1994), for the proposition that a court "gives weight to an objective indication that process has been served" (alteration omitted)).

The complaint in this case, filed on September 29, 2016, alleges that the five defendants ("Defendants") together participated in a fraudulent scheme to manipulate the market and price for the stock of a company previously called Ecoland International, Inc., and now known as Novus Robotics, Inc. Compl. ¶ 1, ECF No. 1; Mot. Consent Judgment at ¶ 1, ECF No. 5.

On December 7, 2016, the Deputy Clerk notified the SEC that service of the complaint had not been made on Defendant Berardino "Dino" Paolucci, Jr. ("Defendant Paolucci"). ECF No. 12. On December 15, 2016, the SEC filed a motion to vacate or extend time to serve process on Defendant Paolucci, on the basis that Paolucci is a resident of Canada whose current address as of that date remained unknown. ECF No. 14-1. The SEC argued in this motion that it had made "reasonable, good faith efforts to have Paolucci served in Canada through the Hague Convention" and was continuing to attempt to serve Paolucci at an alternate address. See id. at 2-4.

2

That same day, the Court issued an order granting the SEC's motion to vacate or extend time to serve process on Defendant Paolucci. ECF No. 15. The order directed that service should be effectuated by March 31, 2017, unless further extended by the Court. See id. On December 23, 2016, the SEC executed and filed an affidavit of personal service by one M. Yeates upon Defendant Paolucci at 7669 Kimbel St., Mississauga, Ontario, Canada, on December 12, 2016. ECF No. 16. The server noted in the affidavit that the individual served "claim[ed] Berardino is not him however showed me his driver[']s license and it read Dino Paolucci." Id.

On January 9, 2017, the SEC requested the entry of default judgment against Defendant Paolucci for failing to answer the complaint. ECF No. 18. This request noted that Defendant Paolucci's answer to the complaint should have been filed 21 days after service, i.e., January 3, 2017. Id. ¶ 3. That same day, a default was entered against Defendant Paolucci.  On January 27, 2017, the SEC moved for default judgment against Defendant Paolucci, who had not (and still has not) moved to set aside the default entered by the Clerk of Court. See ECF No. 20. On February 2, 2017, the Court issued a rule for Defendant Paolucci to show cause why the SEC's motion for default judgment should not be granted. ECF No. 21. The rule was returnable in person at hearing held on February 23, 2017. See id.

Following the February 23, 2017, hearing, the Court entered an order dated February 23, 2017, scheduling a hearing on the motion for April 4, 2017. ECF No. 23. In this order, the Court directed Plaintiff to "provide the Court with a signed affidavit from a person with knowledge explaining in detail the method of service of the complaint in this case upon Defendant Berardino 'Dino' Paolucci, Jr., through the Hague Convention" on or before April 3, 2017. Id. at 2.

On March 20, 2017, in accordance with the Court's order dated February 23, 2017, Plaintiff filed a notice of additional declarations, attaching three declarations detailing the method of service of the complaint in this case upon Defendant Paolucci. ECF No. 24. These declarations were made by the following individuals: (1) Matthew Greiner, a supervisor in the SEC's Office of International Affairs (ECF No. 24-1); (2) Michelle Yeates, an Enforcement Officer with Canada's Ministry of the Attorney General (ECF No. 24-2); and (3) Michael Hranyczny, a process server in Ontario, Canada (ECF No. 24-3).

Defendant Paolucci has failed entirely to appear, plead, or otherwise defend in this case. Further, the Court finds that the SEC has demonstrated, via sworn affidavits, that it validly served Defendant Paolucci. See Ramada Worldwide Inc., 2013 WL 1903295 at *3 ("In ascertaining whether service was properly effected . . . courts must afford weight to objective indicators, such as a sworn affidavit by a disinterested party.").

3

2.   **DEFAULT JUDGMENT** is entered in favor of Plaintiff and against Defendant Berardino "Dino" Paolucci, Jr.[2]

3.   Defendant Berardino "Dino" Paolucci, Jr. is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

4.   Defendant Berardino "Dino" Paolucci, Jr. is permanently restrained and enjoined from violating Section 17(a)

---

[2]      Though this judgment awards Plaintiff all injunctive relief sought in the complaint, the Court reserves for later determination the amount of monetary judgment against Defendant Berardino "Dino" Paolucci, Jr.

of the Securities Act of 1933, 15 U.S.C. § 77q(a), in the offer
or sale of any security by the use of any means or instruments
of transportation or communication in interstate commerce or by
the use of the mails, directly or indirectly:

       (a)  to employ any device, scheme, or artifice to
            defraud;

       (b)  to obtain money or property by means of any
            untrue statement of a material fact or any
            omission of a material fact necessary in
            order to make the statements made, in light
            of the circumstances under which they were
            made, not misleading; or

       (c)  to engage in any transaction, practice, or
            course of business which operates or would
            operate as a fraud or deceit upon the
            purchaser.

     5.  Defendant Berardino "Dino" Paolucci, Jr. is
permanently restrained and enjoined from violating Section 13(d)
of the Exchange Act, 15 U.S.C. § 78m(d) and Rules 13d-1 and 13d-
2 promulgated thereunder, 17 C.F.R. §§ 240.13d-1 and 13d-2, by,
after acquiring directly or indirectly the beneficial ownership
of any equity security of a class which is registered pursuant
to Section 12 of the Exchange Act, 15 U.S.C. § 78l, and becoming
directly or indirectly the beneficial owner of more than 5 per

centum of such class, failing to file with the Securities and Exchange Commission, within ten days after such acquisition, a statement containing the information required by Exchange Act Schedule 13D, 17 C.F.R. § 240.13d-101.

6.   Defendant Berardino "Dino" Paolucci, Jr. is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

**AND IT IS SO ORDERED.**


**/s/ Eduardo C. Robreno**
**EDUARDO C. ROBRENO,   J.**