```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA

U.S. SECURITIES AND EXCHANGE          :    CIVIL ACTION
COMMISSION,                           :    NO. 16-5176
                                      :
        Plaintiff,                    :
                                      :
    v.                                :
                                      :
LOUIS T. BUONOCORE,                   :
JEREMY R. DRAPER,                     :
FRANK J. MORELLI, III,                :
BERARDINO "DINO" PAOLUCCI, JR.,       :
and DON L. ROSE,                      :
                                      :
        Defendants.                   :
```

**FINAL JUDGMENT AS TO DEFENDANT BERARDINO "DINO" PAOLUCCI, JR.**

**AND NOW**, this **10th** day of **August**, **2017**, upon consideration of the SEC's motion for disgorgement, prejudgment interest, and civil penalties, and for entry of final judgment against Defendant Berardino "Dino" Paolucci, Jr. (ECF No. 35), it is hereby **ORDERED** that the SEC's motion is **GRANTED** and final judgment against Defendant Berardino "Dino" Paolucci, Jr. is **ENTERED** as follows:

     1.   It is hereby **ORDERED, ADJUDGED**, and **DECREED** that Defendant Paolucci is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

          (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2. It is further **ORDERED, ADJUDGED**, and **DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Defendant Paolucci's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Paolucci or with anyone described in (a).

3. It is further **ORDERED, ADJUDGED**, and **DECREED** that Defendant Paolucci is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to obtain money or property by means of any untrue statements of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

4. It is further **ORDERED, ADJUDGED**, and **DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Defendant Paolucci's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Paolucci or with anyone described in (a).

5. It is further **ORDERED, ADJUDGED**, and **DECREED** that Defendant Paolucci is permanently restrained and enjoined from violating Section 13(d) of the Exchange Act, 15 U.S.C. § 77m(d), and Rules 13d-1 and 13d-2, 17 C.F.R. § 240.13d-1 and 17 C.F.R. § 240.13d-2, promulgated thereunder by:

> (a) failing to file with the SEC a statement containing the information required by Schedule 13D (as provided in 17 C.F.R. § 240.13d-101), within 10 days after acquiring directly or indirectly the beneficial ownership of more than five percent of any equity security of a class which is specified in Exchange Act Rule 13d-1(i), 17 C.F.R. § 240.13d-1(i).
>
> (b) failing to file with the SEC an amendment disclosing any material change that occurs in the facts set forth in the Schedule 13D that is or was required to be filed under Exchange Act Rule 13d-1(a), 17 C.F.R. § 240.13d-1(a), including but not limited to any material increase or decrease in the percentage of the class of equity security that is beneficially owned.

6. It is further **ORDERED, ADJUDGED**, and **DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Defendant Paolucci's officers, agents, servants, employees, and attorneys; and (b) other

persons in active concert or participation with Defendant Paolucci or with anyone described in (a).

7.  It is further ORDERED, ADJUDGED, and DECREED that Defendant Paolucci is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.[1]

8.  It is further **ORDERED, ADJUDGED**, and **DECREED** that Defendant Paolucci is liable for disgorgement of $2,050,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $316,692.50. Defendant Paolucci shall satisfy this obligation by paying $2,366,692.50 to the SEC within 14 days after entry of this final judgment.[2]

---

[1]     A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.2a51-5.

[2]     Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

This payment shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Frank J. Morelli as a defendant in this action; and specifying that payment is made pursuant to this final judgment.

    Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and

9.      It is further **ORDERED, ADJUDGED**, and **DECREED** that Defendant shall pay a civil penalty in the amount of $2,050,000.00 to the SEC pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act, 15 U.S.C. §§ 77t(d), 78u(d). Defendant Paolucci shall satisfy this obligation by paying $2,050,000.00 to the SEC within 30 days after entry of this final judgment.[3]

10.     It is further **ORDERED, ADJUDGED**, and **DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this final judgment or any other judgment, order,

---

equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The SEC shall send the funds paid pursuant to this final judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this final judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

[3]     The amount of any penalty imposed "should be determined 'in light of the facts and circumstances' surrounding the violations." 15 U.S.C. § 78u(d)(3). In making this discretionary determination, the Court considers the following factors: "(1) the egregiousness of the violations, (2) the isolated or repeated nature of the violations, (3) the degree of scienter involved, (4) the deterrent effect given the defendant's financial worth, and (5) other penalties arising from the conduct." SEC v. Huang, No. 15-269, 2016 WL 775764 at *8 (E.D. Pa. Feb. 25, 2016); SEC v. Berlacher, No. 07-3800, 2010 WL 3566790, at *16 (E.D. Pa. Sept. 13, 2010). Applying these factors to Defendant Morelli's significant role in the fraudulent scheme at issue in this case, the Court finds it appropriate to impose a civil penalty equal to "the gross amount of pecuniary gain to [Defendant Morelli] as a result of the violation." 15 U.S.C. § 78u(d)(3).

For general instructions regarding transmission of this payment, see supra n.2. The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this final judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

11. It is further **ORDERED, ADJUDGED**, and **DECREED** that this Court shall retain jurisdiction of this matter for five (5) years from the date of entry of this order, unless extended by the Court, for the purposes of enforcing the terms of this final judgment.

12. There having been a final determination on the merits as to all counts against Defendant Berardino "Dino" Paolucci, Jr., and there being no just reason for delay, the Clerk is directed to enter this final judgment forthwith, pursuant to Federal Rule of Civil Procedure 54(b).

**AND IT IS SO ORDERED**.

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**