```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF PENNSYLVANIA

U.S. SECURITIES AND EXCHANGE           :   CIVIL ACTION
COMMISSION,                            :   NO. 16-5176
                                       :
          Plaintiff,                   :
                                       :
     v.                                :
                                       :
LOUIS T. BUONOCORE,                    :
JEREMY R. DRAPER,                      :
FRANK J. MORELLI, III,                 :
BERARDINO "DINO" PAOLUCCI, JR.,        :
and DON L. ROSE,                       :
                                       :
          Defendants.                  :
```

**FINAL JUDGMENT AS TO DEFENDANT JEREMY R. DRAPER**

**AND NOW**, this **10th** day of **August**, **2017**, upon consideration of the SEC's motion for disgorgement, prejudgment interest, and civil penalties, and for entry of final judgment against Defendants Buonocore, Morelli, and Draper (ECF No. 33), Defendant Draper's response in opposition thereto (ECF No. 40), the SEC's reply in support of its motion for disgorgement, prejudgment interest, and civil penalties, and for entry of final judgment against Defendants Buonocore, Morelli, and Draper (ECF No. 42), and the letter from Roland G. Riopelle, Esq., counsel for Defendant Draper, dated August 3, 2017 (ECF No. 44), it is hereby **ORDERED** that the SEC's motion is **GRANTED** and final judgment against Defendant Jeremy R. Draper is **ENTERED** as follows:

1.  It is hereby **ORDERED, ADJUDGED**, and **DECREED** that Defendant Draper is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities

Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

>   (a) to employ any device, scheme, or artifice to defraud;

>   (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

>   (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2. It is further **ORDERED, ADJUDGED**, and **DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Defendant Draper's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Draper or with anyone described in (a).

3. It is further **ORDERED, ADJUDGED**, and **DECREED** that Defendant Draper is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

>   (a) to employ any device, scheme, or artifice to defraud;

>            (b) to obtain money or property by means of any
            untrue statements of a material fact or any
            omission of a material fact necessary in order to
            make the statements made, in light of the
            circumstances under which they were made, not
            misleading; or

            (c) to engage in any transaction, practice, or
            course of business which operates or would
            operate as a fraud or deceit upon the purchaser.

4. It is further **ORDERED, ADJUDGED**, and **DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Defendant Draper's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Draper or with anyone described in (a).

5. It is further **ORDERED, ADJUDGED**, and **DECREED** that Defendant Draper is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.[1]

6. It is further **ORDERED, ADJUDGED**, and **DECREED** that Defendant Draper is liable for disgorgement of $15,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,462.31.

---

[1] A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

3

Defendant Draper shall satisfy this obligation by paying $17,462.31 to the SEC within 14 days after entry of this final judgment.[2]

7. It is further **ORDERED, ADJUDGED**, and **DECREED** that Defendant shall pay a civil penalty in the amount of $15,000.00 to the SEC pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act, 15 U.S.C. §§ 77t(d), 78u(d). Defendant Draper shall satisfy this obligation by paying $15,000.00 to the SEC within 30 days after entry of this final judgment.[3]

---

[2] Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

This payment shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jeremy R. Draper as a defendant in this action; and specifying that payment is made pursuant to this final judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The SEC shall send the funds paid pursuant to this final judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this final judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

[3] Defendant Draper responded in opposition to the SEC's motion and requested that the Court "decline to enter any judgement for financial penalties against him, apart from an order of disgorgement and prejudgment interest associated with the $15,000 he received." ECF No. 40 at 1. The SEC replied, requesting that "an appropriate civil penalty . . . be imposed commensurate with [Draper's] willing involvement" in the fraudulent scheme at issue in this case. ECF No. 42 at 3.

8. It is further **ORDERED, ADJUDGED**, and **DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this final judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

9. It is further **ORDERED, ADJUDGED**, and **DECREED** that this Court shall retain jurisdiction of this matter for five (5) years from

---

The amount of any penalty imposed "should be determined 'in light of the facts and circumstances' surrounding the violations." 15 U.S.C. § 78u(d)(3). In making this discretionary determination, the Court considers the following factors: "(1) the egregiousness of the violations, (2) the isolated or repeated nature of the violations, (3) the degree of scienter involved, (4) the deterrent effect given the defendant's financial worth, and (5) other penalties arising from the conduct." SEC v. Huang, No. 15-269, 2016 WL 775764 at *8 (E.D. Pa. Feb. 25, 2016); SEC v. Berlacher, No. 07-3800, 2010 WL 3566790, at *16 (E.D. Pa. Sept. 13, 2010).

Here, the Court finds that, although Defendant Draper's participation in the fraudulent scheme and degree of scienter were relatively limited as compared to his co-defendants', the scheme itself was egregious and resulted in millions of dollars of losses to investors. Further, although Defendant Draper claims he has no financial ability to pay a civil penalty, the financial information he submitted to the Court indicates that he earns nearly $15,000 per month in salary from his job, in addition to a $615.20 monthly car allowance. See ECF No. 40-1 at 5. In light of these considerations, the Court finds it appropriate to impose a civil penalty equal to "the gross amount of pecuniary gain to [Defendant Draper] as a result of the violation." 15 U.S.C. § 78u(d)(3).

For general instructions regarding transmission of this payment, see supra n.2. The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this final judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

the date of entry of this order, unless extended by the Court, for the purposes of enforcing the terms of this final judgment.

10.   There having been a final determination on the merits as to all counts against Defendant Jeremy R. Draper, and there being no just reason for delay, the Clerk is directed to enter this final judgment forthwith, pursuant to Federal Rule of Civil Procedure 54(b).

        **AND IT IS SO ORDERED.**

        **/s/ Eduardo C. Robreno**
        **EDUARDO C. ROBRENO,  J.**