```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

U.S. SECURITIES AND EXCHANGE      :    CIVIL ACTION
COMMISSION,                       :    NO. 16-5176
                                  :
       Plaintiff,                 :
                                  :
    v.                            :
                                  :
LOUIS T. BUONOCORE, et al.,       :
                                  :
       Defendants.                :
```

**FINAL JUDGMENT AS TO DEFENDANT DON L. ROSE**

**AND NOW**, this **24th** day of **May, 2018,** pursuant to the Court's order dated May 24, 2018 granting Plaintiff's motion for disgorgement, prejudgment interest, civil penalty, and entry of final judgment against Defendant Don L. Rose, it is hereby **ORDERED** that **JUDGMENT** is **ENTERED** in favor of Plaintiff U.S. Securities and Exchange Commission ("the SEC") and against Defendant Rose as follows:

1. It is hereby **ORDERED, ADJUDGED,** and **DECREED** that Defendant Rose is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

> (a) to employ any device, scheme, or artifice to defraud;
>
> (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
>
> (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2. It is further **ORDERED, ADJUDGED,** and **DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this final judgment by personal service or otherwise: (a) Defendant Rose's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Rose or with anyone described in (a).

3. It is further **ORDERED, ADJUDGED,** and **DECREED** that Defendant Rose is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

>(a) to employ any device, scheme, or artifice to defraud;
>
>(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
>
>(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

4. It is further **ORDERED, ADJUDGED,** and **DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this final judgment by personal service or otherwise: (a) Defendant Rose's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Rose or with anyone described in (a).

5. It is further **ORDERED, ADJUDGED,** and **DECREED** that Defendant Rose is permanently restrained and enjoined from violating Section 13(d) of the Exchange Act, 15 U.S.C. § 78m(d), and Rules 13d-1 and 13d-2, 17 C.F.R. §§ 240.13d-1, 240.13d-2, promulgated thereunder by, after acquiring directly or indirectly the beneficial ownership of any equity security of a

class which is registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, and becoming directly or indirectly the beneficial owner of more than 5 per centum of such class, failing to file with the SEC within 10 days after such acquisition a statement containing the information required by Exchange Act Schedule 13D, as provided in 17 C.F.R. § 240.13d-101.

      6.   It is further **ORDERED, ADJUDGED,** and **DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this final judgment by personal service or otherwise: (a) Defendant Rose's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Rose or with anyone described in (a).

      7.   It is further **ORDERED, ADJUDGED,** and **DECREED** that Defendant Rose is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.[1]

---

[1] A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

8. It is further **ORDERED, ADJUDGED,** and **DECREED** that Defendant Rose is liable for disgorgement of $914,249.56, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $138,568.41.  Defendant Rose shall satisfy this obligation by paying $1,052,817.97 to the SEC within 14 days after entry of this final judgment.[2]

9. It is further **ORDERED, ADJUDGED,** and **DECREED** that Defendant Rose shall pay a civil penalty in the amount of $914,249.56 to the SEC pursuant to Section 20(d) of the

---

[2] Defendant Rose may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Rose may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

This payment shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Don L. Rose as a defendant in this action; and specifying that payment is made pursuant to this final judgment.

Defendant Rose shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendant Rose relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Rose.  The SEC shall send the funds paid pursuant to this final judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this final judgment.  Defendant Rose shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Securities Act and Section 21(d) of the Exchange Act, 15 U.S.C. §§ 77t(d), 78u(d). Defendant Rose shall satisfy this obligation by paying $914,249.56.00 to the SEC within 14 days after entry of this final judgment.[3]

10. It is further **ORDERED, ADJUDGED,** and **DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant Rose, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Rose under this final judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Rose of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

11. It is further **ORDERED, ADJUDGED,** and **DECREED** that this Court shall retain jurisdiction of this matter for five (5) years from the date of entry of this order, unless extended by the Court, for the purposes of enforcing the terms of this final judgment.

---

[3] For general instructions regarding transmission of this payment, see supra n.4. The SEC may enforce the Court's judgment for a civil penalty by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this final judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

12.  There having been a final determination on the merits as to all counts against Defendant Rose, and there being no just reason for delay, the Clerk is directed to enter this final judgment forthwith, pursuant to Federal Rule of Civil Procedure 54(b).

**AND IT IS SO ORDERED.**

_s/Eduardo C. Robreno_
**EDUARDO C. ROBRENO, J.**
